IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NICHOLAS M. MOSS,

                    Petitioner,                          **8:20CV474**

        vs.

SCOTT FRAKES,                                     **MEMORANDUM AND ORDER**

                    Respondent.

This matter is before the court on preliminary review of Petitioner Nicholas M. Moss' Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One:        Petitioner was denied due process and the effective assistance of counsel because (1) the trial court failed to hold a hearing to determine whether Petitioner should wear a stun belt during trial; (2) counsel failed to object to Petitioner having to wear a stun belt; (3) the trial court failed to declare a mistrial or admonish the jury when Petitioner was electrocuted by a stun belt in the jury's presence; (4) counsel failed to move for a mistrial or request a jury admonishment regarding the stun belt electrocution; and (5) counsel failed to raise the stun belt issue on appeal.

Claim Two:        The state destroyed material exculpatory evidence contained within Petitioner's cell phone in violation of

*Brady v. Maryland*, 373 U.S. 83 (1963), and Petitioner's due process rights.

Claim Three:    Petitioner was denied due process and the effective assistance of counsel because the trial court imposed an excessive sentence based on a presentence investigation report containing incorrect information of Petitioner's criminal history and counsel failed to obtain the report for Petitioner to review.

Claim Four:     Petitioner was denied a fair trial and the effective assistance of counsel because (1) the trial court erred in sustaining the State's objections to the testimony of witnesses Roger Rankin, Petar Pollard, Jason Owens, and Austin Aurterburn and because counsel (2) failed to endorse and introduce the testimony of Pollard, Aurterburn, Owens, and Rankin at trial to aid Petitioner's defense; (3) failed to gain proper out-of-state service of witness Pollard to compel his attendance and testimony at trial; and (4) failed to make an offer of proof regarding the testimony of excluded witnesses Pollard, Aurterburn, Owens, and Rankin.

Claim Five:     The trial court erred by not discharging the case for a speedy trial violation.

Claim Six:      The trial court erred in not granting a directed verdict for insufficiency of evidence.

Claim Seven:    Petitioner was denied the effective assistance of counsel because counsel (1) failed to properly offer the testimony of Jennifer York regarding the destruction of Petitioner's

2

cell phone; (2) failed to provide a meaningful defense; (3) failed to lay proper foundation to introduce the victim's cell phone records; (4) failed to properly document the exculpatory nature of the information in Petitioner's cell phone that was destroyed; (5) failed to call prosecutor Jennifer Hessig as a witness at the motion to dismiss evidentiary hearing regarding her alleged requests for a PIN code; and (6) failed to withdraw and testify at the hearing on the motion to dismiss regarding the lack of request by the prosecutor for the cell phone PIN code.

The court determines that these claims,[1] when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1.      Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

---

[1] Petitioner alleged a sort of "catchall" claim in "Ground Eleven" of his habeas petition of "any and all issues brought up in any pre-trial motion, direct appeal, post conviction, and any plain errors of whatsoever kind the federal district court finds in its judicial review." (Filing 1 at CM/ECF p. 62 (capitalization altered from original).) Such a claim does not comply with Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* which requires a petitioner to specify the grounds for relief and state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. *See* Brian R. Means, Federal Habeas Manual § 8:3. The court is not required to review the entire state court record "to divine the grounds or facts which allegedly warrant relief." *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990).

3

2.     By **March 15, 2021**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 15, 2021**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3.     If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A.     The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B.     The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.     Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in

opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.    By **March 15, 2021**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.    No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the

5

answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.   Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.   No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E.   No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief

6

and that the merits of the petition are therefore fully submitted for decision.

F.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 14, 2021**: check for Respondent's answer and separate brief.

5.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 29th day of January, 2021.

BY THE COURT:

Richard G. Kopf
Senior United States District Judge