IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS M. MOSS,<br><br>            Petitioner,<br><br>vs.<br><br>SCOTT FRAKES,<br><br>            Respondent. | **8:20CV474**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Petitioner Nicholas M. Moss' "Motion for Copies of Case Files/Transcripts/Court Records." (Filing 15.) Petitioner seeks a copy of his full habeas petition (filing 1) as well as complete copies of the state records listed in the Respondent's Designation of State Court Records in Support of Answer (filing 10).

      Petitioner is not proceeding in forma pauperis in this case. (*See* Docket Sheet reflecting Petitioner's payment of $5.00 filing fee.) Thus, he is not entitled to free copies of court records pursuant to 28 U.S.C. § 2250, which provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Thus, if Petitioner requires a copy of his habeas petition, he should contact this court's clerk's office to determine the proper method for requesting and paying for copies. *See* NEGenR 1.3(a)(1)(A)(iii) ("Paper and certified copies of electronically filed documents may be purchased from the clerk for a fee collected under 28 U.S.C. § 1914.").

Petitioner also seeks complete copies of all the records listed in Respondent's Designation consisting of the docket sheets, opinions, appellate briefs, and the transcripts of filings in Petitioner's direct appeal and postconviction appeal, and the seven-volume bill of exceptions for Petitioner's pretrial, trial, and sentencing proceedings. As outlined in the court's January 29, 2021 Progression Order, "[i]n the event that . . . Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims." (Filing 6 at CM/ECF p. 6.)

Again, Petitioner is not proceeding in forma pauperis, so he is not entitled to copies of court records without cost. *See* 28 U.S.C. § 2250. Even if he was, Petitioner would still be required to show a need for the records and the records' relevance to his habeas claims. *See Chavez v. Sigler*, 438 F.2d 890, 894 (8th Cir. 1971) (requiring habeas petitioner to "show a reasonably compelling need for the specific documentary evidence which he requests"); *Cassidy v. United States*, 304 F. Supp. 864, 867–68 (E.D. Mo. 1969), *aff'd*, 428 F.2d 585 (8th Cir. 1970) ("The matter of granting a motion to produce copies of documents under section 2250, and if granted, what copies are to be furnished, is within the discretion of the court. Congress did not intend that documents should be furnished without a showing of need."); *see also Claitt v. Zimmerman*, No. CIV.A. 86-4929, 1986 WL 11065, at *1 (E.D. Pa. Oct. 1, 1986) ("The touchstone of an indigent's motion for a transcript are need and relevance.") (citing *United States ex rel. Williams v. State of Delaware, et al.*, 427 F.Supp. 72, 76 (D.Del. 1976)). In addition, the Eighth Circuit Court of Appeals has remarked:

> Regardless of the general standard to be followed in determining under what conditions an indigent is entitled to a free trial transcript for purposes of bringing a collateral attack, we think that a state prisoner must first attempt to obtain the transcript in the state courts. *See, e.g.*, *Wade v. Wilson*, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470

(1970); *Hines v. Baker*, 422 F.2d 1002, 1007 at n. 11 (10th Cir. 1970); *Boles v. Kershner*, 320 F.2d 284 (4th Cir. 1963).

*Snyder v. State of Neb.*, 435 F.2d 679, 680 (8th Cir. 1970).

Petitioner's motion only contains a bare assertion that he "needs the complete files to cross reference and properly research and prepare his brief." (Filing 15 at CM/ECF p. 1.)[1] The state court records Petitioner seeks consist of nearly 2000 pages, and Petitioner has made no attempt to identify what portions of the records, if any, are relevant to his cognizable claims. Petitioner mainly seems concerned that Respondent has only cited portions of the records "to support their position [which] are possibly either not factual or are leaving majorly constitutionally important background information out." (*Id.*) However, pursuant to the court's Progression Order (filing 6), Respondent has provided Petitioner with copies of the specific pages of the designated record that are cited in Respondent's Answer and Brief in Support of Answer. (*See* Filing 14 at CM/ECF p. 43.) Respondent was not required to provide complete copies of all records to Petitioner. Moreover, Petitioner does not allege that he has been deprived of or has no access whatsoever to the state court records, transcripts, or portions of the bill of exceptions related to his claims.

Therefore, given the bare and unsupported request for the voluminous state court records from the Designation, the court finds that Petitioner has failed to demonstrate a sufficient need for the records at this time. The court will deny Petitioner's request for a complete copy of the state court records without prejudice to reassertion. If Petitioner wishes to renew his request for additional state court records, he must sufficiently demonstrate his need for the records or for specific portions of the records, whether he presently has access to any of the records, and how the requested documents are relevant to his cognizable claims.

---

[1] Capitalization in original omitted throughout this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Copies of Case Files/Transcripts/Court Records (filing 15) is denied without prejudice to reassertion.

2. Petitioner is advised that he has until **June 14, 2021**, to file his brief in response to Respondent's Answer and Brief. Petitioner may seek an extension of time in which to file his brief if needed.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: **June 14, 2021**: check for Petitioner's brief.

Dated this 10th day of June, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge