IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS M. MOSS, | |
| Petitioner, | 8:20CV474 |
| vs. | |
| ROB JEFFREYS, | MEMORANDUM AND ORDER |
| Respondent. | |

    This matter is before the Court on Petitioner's Motion for Status, Filing No. 41, his Motion to Appoint Counsel, Filing No. 33, and his "Motion to Bypass Due to Novel Issues of First Impression" (the "Motion to Bypass"), Filing No. 39.

    Petitioner's Motion to Bypass is denied without prejudice. As an initial matter, Petitioner cannot "bypass the adjudicatory competence of the district court with a hopeful eye to the Court of Appeal," as the circuit Court of Appeals is a court of limited jurisdiction which cannot perform a review of Plaintiff's claims as denied by the state courts. *Collier v. Rock Island Police Officers Phillip Ledbetter*, No. 4:14-CV-4103-SLD-JEH, 2016 WL 5796765, at *8 (C.D. Ill. Sept. 30, 2016); citing 28 U.S.C. § 1291. To the extent Petitioner alleges his motion, when construed liberally, is an "interlocutory appeal of sorts," Filing No. 39 at 2, Petitioner is incorrect.

    Petitioner argues that an interlocutory appeal is appropriate because multiple issues presented in the Petition are "novel issues of first impression." *Id.* at 1. Interlocutory appeals are governed by 28 U.S.C. § 1292, which allows a district judge to certify a non-final order for interlocutory appeal under the following circumstances: (1) the order involves a controlling question of law; (2) there exist substantial grounds for

difference of opinion on that question; and (3) the immediate appeal of the order would advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). As in this instance there is no underlying order from which to appeal, therefore there is no interlocutory order to appeal.

In relation to his Motion for Status, Petitioner is again advised that the merits of his habeas petition are fully submitted and are currently under consideration by the Court. While the Court understands Petitioner's frustration with the length of time a resolution on his Petition has taken, the time taken on addressing the many claims in the Petition is testament to Petitioner's assessment of the length and complexity of the claims he presents. To the extent Petitioner is concerned his claims are being overlooked for other matters where there is a "significant public interest," *see Id.* at 5, the Court assures Petitioner that his Petition has not been passed over and that resolution of his Petition is forthcoming.

Petitioner also seeks appointment of counsel arguing that appointment is appropriate as he is unable to pay for private counsel, and despite reasonable efforts he has otherwise been unable to obtain counsel. Filing No. 32. As previously noted in the prior order abstaining from appointing counsel, Filing No. 37, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v.*

*Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court finds there is no need for the appointment of counsel at this time as Petitioner has proceeded through the briefing stage adequately presenting his claims, and, as previously noted, the merits of his Petition are currently before the Court with no additional briefing necessary. Filing No. 37. The motion for counsel shall therefore be denied without prejudice. The Court, however, is aware that part of the relief sought by Petitioner is an evidentiary hearing. *See* Filing No. 18 at 44. As such, if this matter remains before this Court after the entry of an order on the merits of the Petition, the Petitioner may if he so chooses, file a new motion for appointment of counsel at that time.

IT IS THEREFORE ORDERED that:

Petitioner's Motion for Status, Filing No. 41, is granted. Petitioner is advised that the merits of his habeas Petition are fully submitted and are currently under consideration by the Court. The Motion to Bypass, Filing No. 39, is denied without prejudice. The motion for the appointment of counsel, Filing No. 33, is denied without prejudice to reassertion following entry of a decision on the merits of the Petition.

Dated this 22nd day of March, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court