IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NICHOLAS M. MOSS,

Petitioner,

vs.

ROB JEFFREYS,

Respondent.

**8:20CV474**

**MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Supplement (the "Motion") filed by Petitioner Nicholas M. Moss ("Petitioner"). Filing No. 45. In the Motion, Petitioner seeks to supplement the record[1] with the following documents:[2]

1. A letter from Petitioner's attorney to a juror and an unsigned affidavit of the juror.

2. A signed, but unnotarized, affidavit of Sharon Jones.

3. A one-page document listing the addresses and phone numbers of the jurors.

4. A one-page document with notes regarding each juror.

5. An unsigned affidavit of Deputy M. Tague.

6. An unsigned affidavit of Deputy Evan Strobbe.

7. Verizon's Law Enforcement Legal Compliance Guide and Civil Subpoena Policy.

---

[1] In various portions of the Motion, Petitioner appears to make specific legal arguments in support of various claims in his Petition which are unrelated to the documents at issue in the Motion. *See e.g.* Filing No. 45 at 17-18. Such arguments are not appropriate in a motion seeking to supplement the record and therefore shall not be further addressed here.

[2] For ease of reference the Court utilizes Respondent's numbered list breaking down each set of documents Petitioner seeks to admit. Filing No. 51 at 2-3. The Court shall refer to the set of documents as "Item" followed by the corresponding number throughout this Memorandum and Order.

8. Verizon's Historical Call Detail Explanation Form, over 20 pages of call records, a Notary Public Subpoena Duces Tecum addressed to Verizon's custodian of records, and a letter certifying the accuracy of all records from the custodian of records for Verizon.

9. A one-page printout from JUSTICE.

10. Additional call records from Verizon.

11. A letter to Petitioner from a Sarpy County Public Defender, along with a signed and notarized affidavit from that attorney, and a letter from Petitioner.

12. An unsigned affidavit of Roger Rankin.

13. Two pages of facebook messages between Petitioner and the alleged victim. Filing No. 45 at 25-119.

All of the call records and certification letter in item number 8 except the "Historical Call Detail Explanation Form" and the list of phone numbers and owners of those numbers, and the phone records listed in item number 10, are already contained within the state court record filed by Respondent, as are Item numbers 1-4, 9, and 12.[3] *Compare Id.* at 25-31, 45, 48-67, 72-110, and 120-21, *with* Filing No. 10-11 at 12-61, Filing No. 10-14 at 192-93, and Filing No. 10-20 at 10-29.  As such, to the extent Petitioner seeks supplementation of the record with these documents, the Motion shall be denied as moot.

The remainder of the documents at issue are as follows and do not appear to be part of the record before the state courts: Items 5, 6, 7,11, 13, the ""Historical Call Detail Explanation Form" and the list of phone numbers and owners of those numbers listed in

---

[3] While some of the documents in the state court record appear slightly different from the documents attached to Petitioner's Motion, as pointed out by Respondent, the differences only appear to assist Petitioner or are so immaterial that they shall not be addressed in this Memorandum and Order.  *See, e.g.,* Filing No. 51 at 3 (noting that the affidavit found on pages 120 and 121 of Filing No. 45 appears to be an unsigned version of the signed and notarized affidavit found on pages 192 and 193 of the state court record at Filing No. 10-14).

Item 8, and a fax cover sheet from Verizon Wireless to the Sarpy County District Court Clerk and what appears to be a webpage printout with Verizon Wireless contact information which are part of Item 10 (the "New Documents").  *See* Filing No. 45 at 32-44, 46-47, 68-71, 111-19, and 122-23.  Respondent argues that, for claims the state courts adjudicated on the merits, such supplementation is forbidden as this Court's review is "limited to the record that was before the state court."  Filing No. 51 at 4 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); citing, 28 U.S.C. § 2254(d)(1)).  For claims that were not adjudicated on their merits by the state courts, Respondent contends that such factual claim development by this Court is severely restricted, limited to instances where Petitioner is able to satisfy the requirements of 28 U.S.C. § 2254(e)(2).  *Id.* at 3-4 (citing *Shoop v. Twyford*, 596 U.S. 811 (2022); *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022)).

As an initial matter, this Court finds Respondent's discussion of the context under which this Court may allow the admission of the New Documents to support claims not previously adjudicated incomplete.  However, for the majority of the New Documents this Court need not undertake a detailed analysis of whether admission is appropriate under either standard as the majority of the documents at issue would not assist Petitioner even if admitted.

Items 5 and 6 are unsigned affidavits, which in their unsigned state are not evidence of anything.  *See, e.g.*, *DiQuollo v. Prosperity Mortg. Corp.*, 984 F. Supp. 2d 563, 570 (E.D. Va. 2013) (an uncorroborated claim that someone said something, supported only by an unsigned affidavit attributing those statements to that person is not evidence).  As such, their admission would not assist Petitioner in supporting any of his claims.

Other documents which do not appear to render any support to any of Petitioner's claims include the "Historical Call Detail Explanation Form" listed in item number 8, the fax cover sheet from Verizon Wireless to the Sarpy County District Court Clerk and the webpage printout with Verizon Wireless contact information included with item 10, and the law enforcement and civil subpoena policy for Verizon Wireless listed in item 7. In relation to the New Documents at issue in Items 8 and 10, these documents do not support any of Petitioner's claims and instead simply explain or assist in interpreting the remaining documents in Items 8 and 10 which are already part of the state court record. And, while Petitioner mentions Item 7 in his Motion, he simply describes the document at issue without reciting why its admission is relevant to support any of his claims. *See* Filing No. 45 at 12. As Petitioner does not argue or otherwise explain why these New Documents in Items 7, 8, and 10 are needed to support any of his Claims, and from a review of Petitioner's claims and arguments in support this Court sees none, there is no need to consider their admission further.

Item 11 is a letter written by Petitioner in 2015 outlining his own theories and facts about the case in support to his counsel and a 2024 letter from the same attorney indicating said letter was received by him in 2015. *See* Filing No. 45 at 111-19. Petitioner describes Item 11 as "authenticating Petitioner's *claiming* of the materially exculpatory value of information he possessed in his phone 6 months before it was destroyed" and informing his counsel that he needs to obtain all phone calls and texts between himself and the alleged victim for his defense. *Id.* at 14-15 (capitalization omitted and emphasis added). However, there is no dispute between the parties that the State was aware that Petitioner wanted the cell phone because he claimed it contained information that could

4

impeach the State's star witness or otherwise support his defense. As such, there is no need to supplement the record to prove a point not in dispute. More importantly, governmental knowledge of the materiality of evidence cannot come solely from a criminal defendant's claims about the exculpatory or material nature allegedly contained in lost or destroyed evidence. *United States v. Bugh*, 701 F.3d 888, 895 (8th Cir. 2012). Therefore, to the extent Petitioner seeks admission of his letter to prove the cell phone at issue contained material exculpatory (and/or impeachment) evidence, his own statements that the cell phone contained such information cannot be used to support such a claim, rendering the admission of Item 11 for such a purpose as futile.

The remaining New Documents in Item 8 are 3 pages containing account numbers, what appear to be partial phone numbers, the names and addresses of what appear to be the holders of those accounts, the dates of disconnection (if applicable), and the type of account (postpay or prepay) connected to each account. *See* Filing No. 45 at 44, 46-47. While later in his Motion Petitioner lists his and the alleged victim's cell phone numbers both before and after the incident which resulted in his conviction occurred (the "Incident"), *see id.* at 12-13, there is no connection between the numbers listed and the New Documents in Item 8, nor does Petitioner make any argument as to the relevance of these specific pages.

The New Documents in Item 13 consist of copies of facebook messages between Petitioner and the alleged victim which Petitioner argues is impeachment evidence. *See* Filing No. 45 at 19. It appears that Petitioner contends that, although the alleged victim testified that she never spoke or otherwise communicated with him after the Incident, the

facebook messages dated "7/2" establish that her testimony was untruthful and that she attempted to "stir drama with Petitioner" in the weeks following the Incident. *Id.*

It is unclear to this Court whether Petitioner contends that the New Documents in Item 13 were ever part of the state court record or if he now seeks to expand the record to include them or which claim or claims Petitioner intends to support with their introduction. As noted, to the extent Petitioner seeks to introduce them to support a claim which was adjudicated on the merits by the state courts, this Court is precluded from doing so. *See Pinholster*, 563 U.S. at 181. To the extent Petitioner seeks their introduction to support a claim which was not adjudicated on the merits, Respondent is correct that Petitioner generally must establish both that the claim relies on "a new rule of constitutional law . . . or a factual predicate that could not have been previously discovered through the exercise of due diligence" and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). However, in some cases Petitioner could also obtain expansion of the record by establishing that he is not at fault for failing to develop any of the claims relating to the documents he seeks to admit and is therefore entitled to conduct discovery to excuse and develop under the "good cause" standard set forth in *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Ultimately, as Petitioner has made no such arguments in the Motion, the Court shall deny admission of the New Documents in Item 13.

IT IS THEREFORE ORDERED that, for these reasons, the Motion, Filing No. 45, shall be denied without prejudice in its entirety.

6

Dated this 25th day of February, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court