IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS M. MOSS, | |
| Petitioner, | **8:20CV474** |
| vs. | |
| ROB JEFFREYS, | **MEMORANDUM AND ORDER** |
| Respondent. | |

The matter is before the Court on a motion for clarification (the "Motion") filed by Petitioner Nicholas M. Moss ("Petitioner") seeking clarification regarding this Court's March 4, 2026, Memorandum and Order which granted the writ in part and ordered the State of Nebraska to grant Petitioner a new trial in 90 days from its issuance. Filing No. 75 (referencing Filing No. 71). In his Motion Petitioner inquires as to whether the requirement that the State of Nebraska commence a new trial in this Court's March 4 Memorandum and Order means that his conviction is "overturned and reversed." *Id.* The Motion shall be granted and clarification provided herein.

In Petitioner's case this Court issued what is referred to as a conditional writ, providing the State of Nebraska a 90-day opportunity to cure their constitutional errors. *See Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) (citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (explaining that via the issuance of a conditional writ "courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court."). While this Court retains jurisdiction over Petitioner's case to allow execution of a lawful judgment vacating the underlying conviction and sentence and ordering Petitioner's release, this Court may

only do so if the state fails to comply with the March 4 Memorandum and Order requiring the State to provide Petitioner with a new trial in the time allotted. *Id.* (describing the process of the conversion of a conditional writ to an "absolute" writ).

Therefore, this Court's granting of the conditional writ of habeas corpus in Petitioner's case did not immediately imply that Petitioner's underlying conviction and sentence are overturned or otherwise reversed. Instead, this Court's issuance of the conditional writ placed a hold on Petitioner's right to relief from all direct and collateral consequences of the conviction pending the State's exercise of the option to provide Petitioner a new trial. Only if the State fails to comply may the writ convert to an absolute one, allowing this Court to vacate Petitioner's conviction and sentence and order his release.

IT IS THEREFORE ORDERED: The Motion, Filing No. 75, is granted and clarification provided.

Dated this 20th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

2