IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NICHOLAS M. MOSS,

Petitioner,

vs.

ROB JEFFREYS,

Respondent.

**8:20CV474**

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion filed by Petitioner Nicholas M. Moss ("Moss") moving this Court for an order requiring the District Court in Sarpy County Nebraska to "vacat[e] his original convictions and sentences" in Case Number CR15-660 following this Court's granting of the writ of habeas corpus in this matter. Filing No. 77 at 1. The relief Moss seeks is unavailable to him in this Court.

This Court is "precluded from vacating state court convictions in federal habeas proceedings." *See e.g. Moore v. Maryland*, 163 F.4th 828, 844 (4th Cir. 2026) (citing *Rimmer v. Fayetteville Police Dep't*, 567 F.2d 273, 277 (4th Cir. 1977)). A lower federal court has the power to act only on the body of the prisoner, not on the conviction itself as habeas lies to enforce the right of personal liberty, as such the federal court has the right to release the body of the prisoner but it cannot revise the state court judgment. *Wood v. Ercole*, 644 F.3d 83, 99, n. 13 (2d Cir. 2011) (citing *Fay v. Noia*, 372 U.S. 391, 430–31 (1963)). Indeed, "[o]nly the United States Supreme Court is permitted to do so." *Moore*, 163 F.4th at 844 (citing *Smith v. Spina*, 477 F.2d 1140, 1147 (3d Cir. 1973)). As such, to the extent Moss seeks an order from this Court requiring the Sarpy County District Court

to vacate his original conviction and sentence, this Court does not have the ability to grant such relief.

Moreover, if Moss does not actually seek an order vacating his original conviction and sentence and instead seeks an order from this Court requiring the Sarpy County District Court to make clear on the record that Moss' original sexual assault conviction was vacated and is no longer valid or in place, this Court is still unable to provide relief. A federal district court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. See 28 U.S.C. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union Cnty.*, 323 F.2d 485, 486 (8th Cir. 1963). Specifically, this Court has no authority to compel action by state officers, including state judicial officers. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff") (emphasis added); *see also White v. Ward*, 145 F.3d 1139 (10th Cir. 1998) (explaining that federal courts "lack[ ] jurisdiction to direct a state court to perform its duty"); *Veneri v. Circuit Court of Gasconade Cnty.*, 528 F.Supp. 496, 498 (E. D. Mo. 1981) ("[I]t is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."); *Campbell v. Burns*, No. 8:19CV273, 2019 WL 3081016, at *1-2 (D. Neb. July 15, 2019) (dismissing for lack of subject-matter jurisdiction a state prisoner's mandamus action seeking to compel a state district court judge to vacate his criminal conviction and release him from custody).

IT IS THEREFORE ORDERED THAT: the Motion, Filing No. 77, is denied with prejudice.

Dated this 27th day of October, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge